IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>BENJAMIN L. HOSTERMAN,<br><br>          Debtor. | Filed / Docketed<br>October 9, 2007<br><br>Case No. 07-10575-M<br>Chapter 7 |
| KRYSTAL ROXANNE DAVIS,<br><br>          Plaintiff,<br><br>v.<br><br>BENJAMIN L. HOSTERMAN,<br><br>          Defendant. | Adv. Proc. No. 07-01082-M |

## MEMORANDUM OPINION

Presently at issue before the Court is whether hold harmless obligations are non-dischargeable debts within the meaning of 11 U.S.C. § 523(a)(15). Krystal Roxanne Davis ("Davis") initiated this adversary proceeding against her former spouse, Benjamin L. Hosterman ("Hosterman" or "Debtor"), to determine whether a hold harmless provision in the parties' decree of divorce relating to various credit card debts created a nondischargable obligation of the Debtor. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[1]  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

Presently before the Court is the motion for summary judgment filed by Davis.  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."[3]  It is well established that

> [i]n reviewing a summary judgment motion, the court is to view the record in the light most favorable to the nonmoving party.  The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims.  Unsupported conclusory allegations thus do not create a genuine issue of fact.  To withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.[4]

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[2] Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bank. P. 7056.

[3] *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487-88 (1984)).

[4] *Kojima v. Grandote Int'l Ltd. Liab. Co. (In re Grandote Country Club Co.),* 252 F.3d 1146, 1149-50 (10th Cir. 2001) (internal quotes and citations omitted).

Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."[5]

## Burden of Proof

Exceptions to discharge are to be narrowly construed in favor of the debtor so as to promote the "fresh start" policy of the Bankruptcy Code.[6] Under § 523, a creditor seeking to except its claim from discharge must prove the claim is nondischargeable by a preponderance of the evidence.[7]

## Findings of Fact

The material facts are not in dispute and are taken from the Motion and Response.[8] Debtor and Davis were married in May 2003, and their marriage was dissolved on June 3, 2005. The Dissolution of Marriage (the "Divorce Decree") filed in the District Court in the State of Oklahoma for the County of Tulsa included a provision that stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the liabilities and debts of the parties hereto be paid as set forth below and that each of the respective parties hereto hold the other harmless as to the recourse of the creditors on the liabilities and debts for which he or she is responsible as set forth below, and that each of the respective liabilities and debts of which the other was unaware at the time of the filing of the Petition or which were incurred subsequent to the filing of the Petition.

It also contained the following provision:

> Respondent, BENJAMIN LANDES HOSTERMAN, will pay creditors and obligations as listed: Bank of America Visa (last four digits-7028); Chase Visa (last

---

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (citations and footnotes omitted).

[6] *See Jones v. Jones (In re Jones),* 9 F.3d 878, 880 (10th Cir. 1993).

[7] *See Grogan v. Garner,* 498 U.S. 279, 287 (1991).

[8] The parties vigorously disagree on the legal consequences which flow from these facts, but the facts themselves do not appear to be in dispute.

four digits-5512).

Davis is a named obligor on both the Bank of America Visa ("Bank of America") and Chase Visa ("Chase") accounts,[9] and Debtor's schedules refer to Davis as a codebtor on both accounts.[10] At some point after the entry of the Divorce Decree, despite his obligation to hold Davis harmless for the Chase debt, Hosterman failed to make all payments timely to Chase Visa.[11] To protect her credit rating and avoid collection activities by Chase directed toward her, Davis has since paid portions of the debt to Chase.

Hosterman filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 29, 2007. Among the list of creditors holding unsecured nonpriority claims on Hosterman's Schedule F are 1) Bank of America Visa, amount of claim unknown, with Davis listed as a codebtor; 2) Chase Visa, amount of claim $6,824.65, with Davis listed as a codebtor; and 3) Davis, scheduled as "Debts owed to Chase Visa and Bank of America Visa which Debtor was ordered to pay per the Dissolution of Marriage of Debtor and said creditor."[12]

Davis filed this adversary proceeding on June 29, 2007, seeking to have the debt owed to her

---

[9] The record does not indicate whether Hosterman is directly liable on either account. This fact does not affect the Court's conclusion in this case.

[10] In the Response, Hosterman denies that Davis is a codebtor to Chase, but merely "named on the account." Nonetheless, the Court finds it to be an undisputed fact that Davis is a codebtor to Chase, and that this fact is admitted by Debtor by virtue of the fact that Davis is listed as a codebtor on both the Chase and Bank of America Visa accounts in Debtor's Schedule H, *at Docket No. 1*. *See* Motion, Exh. C-1.

[11] Although Debtor's failure to pay the obligations to Chase is "denied" in the Response, he admits it in a roundabout way by declaring "Defendant serviced the debt for as long as he was financially able." *See* Response, *at Docket No. 12*, page 2.

[12] The credit card claims were scheduled with the initial petition. *See Docket No. 1*; Motion, *Docket No. 10-3*. The Davis claim was scheduled in an Amendment to Schedule F, filed June 7, 2007, *at Docket No. 12*. *See* Motion, *Docket No. 10–9.*

declared nondischargeable under § 523(a)(15).[13] On August 14, 2007, Davis filed her motion for summary judgment.[14] Hosterman responded on August 29, 2007.[15] This matter is now ripe for consideration.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," such items are incorporated herein by this reference.

## Conclusions of Law

Under the terms of the Divorce Decree, Debtor was required to pay the debts to Chase and Bank of America. The Divorce Decree also provided that Debtor would hold Davis harmless "as to the recourse of the creditors on the liabilities and debts for which [he was] responsible."[16] At issue is whether Debtor's obligation to hold Davis harmless on these debts is nondischaregable under § 523(a)(15). That section excepts from discharge any debt

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;[17]

In order to be excepted from discharge under this section, the debt must: 1) be to a spouse, former

---

[13] The Complaint seeks nondischargeablity of the debt to Davis. While the summary judgment motion and response seem to focus primarily on the Debtor's obligation to hold Davis harmless on the debt to Chase, the claim for relief in the Complaint is not so limited. Therefore, the analysis in this Memorandum Opinion applies to the entire hold harmless liability to Davis found in the Divorce Decree, which includes Hosterman's obligation to hold Davis harmless on both the Chase and Bank of America debts.

[14] *See* Amended Motion for Summary Judgment, *at Docket No. 10*.

[15] *See* Response, *at Docket No. 12*.

[16] *See* Amended Motion for Summary Judgment, Exh. D-1, *at Docket No. 10-5*.

[17] § 523(a)(15).

spouse, or child of the debtor; 2) not be of the type described in paragraph (5) of § 523(a), that is, must not be a domestic support obligation; and 3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record.[18] Davis must establish each of these elements by a preponderance of the evidence.[19]

*I. Debt is to a former spouse of the Debtor.*

The parties agree that Davis is Hosterman's former spouse. Debtor asserts that he does not owe Davis a debt, and that the only debt at issue is his obligation to the credit card companies. Despite this characterization, the Divorce Decree contains a hold harmless provision, whereby Hosterman agreed to indemnify Davis for the obligations to Chase and Bank of America. This provision created a new debt from Hosterman to Davis.[20] That is the debt that Davis is seeking to be held nondischargable under § 523(a)(15).

*II. Debt is not a domestic support obligation.*

Davis alleges, and Debtor agrees, that the debt at issue resulted from property division and is not in the nature of support. While no evidence on this point was presented by either party, the Court accepts this fact as undisputed. Whether an obligation to a former spouse is in the nature of

---

[18] *Id. See also In re Schweitzer*, 370 B.R. 145, 150 (Bankr. S.D. Ohio 2007).

[19] *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113–14 (3rd Cir. 1995) (citing *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991)). *See also Reeds v. Marx (In re Reeds)*, 145 B.R. 703, 706 (Bankr. N.D. Okla. 1992).

[20] *See e.g., Yeates v. Yeates (In re Yeates)*, 807 F.2d 874 (10th Cir. 1986) (obligation of one ex-spouse to hold the other harmless from the payment of a joint debt held non-dischargeable); *Polishuk v. Polishuk (In re Polishuk)*, 243 B.R. 408 (Bankr. N.D. Okla. 1999), *aff'd*, District Court No. 99-CV-901-C(J) (slip op. October 19, 2000) (debtor's obligation to hold ex-spouse harmless from payment of credit card debt held non-dischargeable); *In re Schweitzer*, 370 B.R. at 150–51 (same); *Belcher v. Owens (In re Owens)*, 191 B.R. 669, 673 (Bankr. E.D. Ky. 1996) (hold harmless language in separation agreement "creates a new indebtedness" between debtor and former spouse).

6

support is a factual question and is resolved according to federal law.[21] Ordinarily, federal courts are required to look beyond the label which the parties attach to an obligation to determine whether an obligation in a divorce decree is in the nature of support or property division.[22] The Court notes that if it were to find that the debt owed to Davis were in the nature of a domestic support obligation, that would end the inquiry, as such a debt would be excepted from discharge under § 523(a)(5).[23] Construing this fact in the light most favorable to the Debtor, the Court finds for the purposes of this summary judgment opinion that the debt to Davis created by the hold harmless provision in the Divorce Decree is not a domestic support obligation.

*III. Debt was incurred in connection with a separation agreement or divorce decree.*

Debtor readily admits that he alone accumulated the entire balance of the debt to Chase, the bulk of which was incurred before his marriage to Davis. He asserts that, because of this fact, the debt was not incurred "in the course of" the parties divorce or "in connection with" the Divorce Decree. Contrary to Debtor's characterization, this action is not concerned with whether the debts

---

[21] *Young v. Young (In re Young)*, 35 F.3d 499, 500 (10th Cir. 1994).

[22] *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 722 (10th Cir. 1993). *See also Busch v. Hancock (In re Busch)*, 369 B.R. 614, 622 (10th Cir. BAP 2007) ("The bankruptcy court has the responsibility to make its own determination of the character of the obligation from the facts at hand, not rely on the denomination of the obligation in the divorce decree."). The Court notes that the Divorce Decree is silent on the nature of Debtor's obligation both to pay the credit card debts at issue and to hold Davis harmless therefrom. The Court also notes that at least one prominent treatise on the Code has suggested that for post-BAPCPA cases, "with respect to dischargeability in cases under chapters 7, 11 and 12, all of which base dischargeability on section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence." 4 Collier on Bankruptcy, ¶ 523.11[1], at 523-81 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev.).

[23] § 523(a)(5) simply excepts from discharge any debt "for a domestic support obligation."

to Chase or Bank of America have any connection to the parties' divorce.[24] The focus here is the nature of the debt that Debtor owes to Davis. Under the Divorce Decree, Debtor agreed to hold Davis harmless from the debts to Chase and Bank of America. This hold harmless obligation was made directly "in connection" with the Divorce Decree, and therefore "falls squarely within the exception to discharge set forth in § 523(a)(15)."[25]

In summary, each of the requirements of § 523(a)(15) are satisfied here. Debtor's obligation to hold Davis harmless on the Chase and Bank of America accounts is a debt to a former spouse, is not a domestic support obligation, and arose directly from the parties' Divorce Decree. These facts are not in dispute.[26] Viewing the record in the light most favorable to Debtor, as the nonmoving party, the Court concludes that the debt to Davis is excepted from discharge by § 523(a)(15).

Debtor suggests that this Court should balance the equities between the parties to find a different result. Prior to the introduction of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),[27] the Court may have undertaken a balancing of the relative hardships between the parties in a case such as this one.[28] But BAPCPA has altered the function of

---

[24] *See e.g., In re Schweitzer*, 370 B.R. at 152 (debtor incurred post-divorce credit card debt) (citing cases).

[25] *Id.* (citing cases).

[26] While Debtor disputes the legal consequences of these facts, the relevant facts themselves do not appear to be disputed.

[27] Pub. L. No. 109-8, 119 Stat. 23 (2005).

[28] Before the passage of BAPCPA, § 523(a)(15) excepted from discharge any debt

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless–

this Court with regard to obligations incurred in separation agreements and divorce decrees. "Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable."[29] The Court's function in analyzing a complaint under § 523(a)(15) is to determine whether the plaintiff can prove by a preponderance of the evidence whether the debt at issue meets the elements of the statute. Although the purpose of bankruptcy is to provide the honest but unfortunate debtor with a "fresh start,"[30] statutory exceptions to discharge have been created where "Congress evidently concluded that the creditors' interest in recovering full payment of debts. . .outweighed the debtors' interest in a complete fresh start."[31] In the same way

---

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary   for the continuation, preservation, and operation of such business;  or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

§ 523(a)(15) (West 2005). *See e.g., Means v. Grant (In re Grant)*, 335 B.R. 767 (Bankr. D. Wyo. 2005) (balancing test applied to § 523(a)(15) complaint for exception from discharge in pre-BAPCPA case); *Lonian v. Lonian (In re Lonian)*, 226 B.R. 248 (Bankr. W.D. Okla. 1998) (same); *Dennison v. Hammond (In re Hammond)*, 236 B.R. 751 (Bankr. D. Utah 1998) (same); *Simons v. Simons (In re Simons)*, 193 B.R. 48 (Bankr. W.D. Okla. 1996) (same); *Slover v. Slover (In re Slover)*, 191 B.R. 886 (Bankr. E.D. Okla. 1996) (same).

[29] 4 Collier on Bankruptcy, ¶ 523.21, at 523-118 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev.).

[30] *See Grogan v. Garner*, 498 U.S. 279, 287 (1991).

[31] *Lowther v. Lowther (In re Lowther)*, 266 B.R. 753, 757 (10th Cir. BAP 2001) (*quoting Grogan*, 498 U.S. at 287).

that § 523(a)(5) "favors enforcement of familial support obligations,"[32] § 523(a)(15) favors the enforcement of other obligations arising out of a marital relationship over a fresh start for the debtor under Chapter 7 of the Bankruptcy Code.

Debtor also alleges that to except Davis' debt from discharge under § 523(a)(15) would be a deprivation of his constitutionally protected liberty and property rights, and thus a violation of his right to due process under the U.S. Constitution.[33] In fact, he seems to suggest that the exception of any debt from discharge, and hence any application of § 523, would be unconstitutional. While sections of the Bankruptcy Code should ordinarily be construed to avoid treatment of constitutional questions,[34] the Debtor's broad allegations require the Court to face the issue of constitutionality head on.

The Fifth Amendment protects citizens against government actions that deprive them of "life, liberty, or property without due process of law."[35] Procedural due process ensures that the government will not deprive a party of life, liberty, or property without engaging in fair procedures; substantive due process ensures that the government will not deprive a party of life, liberty, or property for an arbitrary reason regardless of the procedures used to reach that decision.[36] In order

---

[32] *Id.* (*citing Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 722 (10th Cir. 1993)).

[33] Response, *Docket No. 12*, at 5–6.

[34] *Greater New Orleans Broad. Ass'n v. United States*, 527 U.S. 173, 184 (1999) ("[W]e do not ordinarily reach out to make novel or unnecessarily broad pronouncements on constitutional issues when a case can be fully resolved on a narrower ground."); *Wright v. Vinton Branch*, 300 U.S. 440, 461 (1937).

[35] U.S. Const. amend. V.

[36] *Hyde Park Co. v. Santa Fe City Council,* 226 F.3d 1207, 1210 (10th Cir. 2000); *Curtis v. Okla. City Pub. Schools Bd. of Educ.*, 147 F.3d 1200, 1215 (10th Cir. 1998) ("Assuming a protected property interest, '[s]ubstantive' due process requires only that termination of that interest

to prevail on either a procedural or substantive due process claim, Debtor must first establish that he has been deprived of a constitutionally protectable property or liberty interest.[37]

The Supreme Court defines "property" in the context of the Fourteenth Amendment's due process clause as a "legitimate claim of entitlement" to some benefit.[38] An abstract need for, or unilateral expectation of, a benefit does not constitute "property."[39] Due process is not an end in itself. Rather, the constitutional purpose of due process "is to protect a substantive interest to which . . . [a party] has a legitimate claim of entitlement."[40] Contrary to the strong assertions of the Debtor, the Supreme Court has long held that "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy," because "no fundamental interest is gained or lost depending on the availability of a discharge."[41] Because federal law does not create a protected property or liberty interest in the receipt of a discharge of one's debts in bankruptcy, Debtor has not stated an interest on which to base his due process claim.

Even if a federally protected property or liberty interest were established, any denial of that interest did not violate due process in this case. With respect to procedural due process, Debtor was served with the complaint in this action, was given the opportunity to and did file an answer to the

---

not be arbitrary, capricious, or without a rational basis.") (internal citation omitted). *See also E. Spire Commc'ns, Inc. v. Baca*, 269 F.Supp.2d 1310, 1324–25 (D.N.M. 2003).

[37] *E. Spire Commc'ns*, 269 F.Supp.2d at 1324–25 (citing *Hyde Park*, 226 F.3d at 1210); *In re Miller*, 371 B.R. 509, 516 (Bankr. D. Utah 2007).

[38] *Hyde Park*, 226 F.3d at 1210 (citing *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)).

[39] *Id.*

[40] *Hyde Park*, 226 F.3d at 1210 (citing *Olim v. Wakinekona,* 461 U.S. 238, 250 (1983)).

[41] *United States v. Kras*, 409 U.S. 434, 445–46 (1973). *See also In re Stewart*, 175 F.3d 796, 811 (10th Cir. 1999).

complaint, and filed a response to Davis' motion for summary judgment. Debtor has not identified what additional process he feels he should have been provided. A mere negative outcome resulting from the application of the Code to his debt does not create a procedural due process violation.

Similarly, even if a fundamental interest were at stake, under substantive due process, the Constitution, at most, requires a rational connection between the statute at issue, here § 523(a)(15), and the purpose for which it was enacted.[42] Prior to the introduction of BAPCPA, a debt of the type owed by Debtor to Davis would have required the Court to engage in a balancing of the hardships of the parties to determine whether the debt was dischargeable.[43] BAPCPA eliminated this balancing by the Court, and essentially made all obligations to a former spouse found in a separation agreement or divorce decree nondischargeble, whether or not they are directly related to support. The House Judiciary Committee Report states:

> Section 215. *Nondischargeability of Certian Debts for Alimony, Maintenance, and Support.* Section 215 of [BAPCPA] amends Bankruptcy Code section 523(a)(5) to provide that a "domestic support obligation" (as defined in section 211 of [BAPCPA]) is nondischargeable and eliminates Bankruptcy Code section 523(a)(18). Section 215(2) amends Bankruptcy Code section 523(c) to delete the reference to section 523(a)(15) in that provision. *Section 215(3) amends section 523(a)(15) to provide that obligations to a spouse, former spouse, or a child of the debtor (not otherwise described in section 523(a)(5)) incurred in connection with a divorce or separation or related action are nondischargeable* **irrespective of the debtor's inability to pay such debts.**[44]

Congress could not have made a more clear statement that obligations incurred in conjunction with the termination of a marriage are to survive bankruptcy without any discretion or balancing by a

---

[42] *Hyde Park*, 226 F.3d at 1210. *See also In re Pillow*, 8 B.R. 404 (Bankr. D. Utah 1981).

[43] *See* § 523(a)(15) (West 2005). *See also supra* notes 27–28 and accompanying text.

[44] H.R. Rep. No. 109-31, Pt. 1, at 61 (2005), *reprinted in* E-2 Collier on Bankruptcy, at App. Pt. 10-324 (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev.) (emphasis added).

bankruptcy judge.

Section 523(a)(15), coupled with § 523(a)(5), provides a rational statutory framework to implement Congressional policy by creating a comprehensive treatment of marital debts. Providing a similar treatment to all support and non-support obligations found in separation and divorce agreements is not arbitrary or capricious. For these reasons, § 523(a)(15) is constitutional.

## Conclusion

Davis's motion for summary judgment is granted. The debt owed by Hosterman to Davis, namely, Hosterman's obligation to hold Davis harmless on the Bank of America Visa and Chase Visa debts, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 9th day of October, 2007.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5009.5